UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GRICELDO LEONIDES-BUENAVENTURA, § <br> and all others similarly situated under § <br> 29 U.S.C. § 216(b), § <br> Plaintiff, § <br> § <br> v. § <br> § <br> LANTANA LAWN CARE L.L.C., § <br> and STEVE HERRING § <br> Defendants. § | Cause No. |

## COMPLAINT UNDER 29 U.S.C. §§ 201- 216 OVERTIME WAGE VIOLATIONS

Plaintiff, GRICELDO LEONIDES-BUENAVENTURA, on behalf of himself and all others similarly situated under 29 U.S.C. § 216(b), through undersigned counsel, files this Complaint against Defendants LANTANA LAWN CARE L.L.C., and STEVE HERRING and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Dallas County, Texas during the relevant time period.

3. The Defendant LANTANA LAWN CARE L.L.C. is a limited liability company that regularly transacts business and resides within the Northern District of Texas. Upon information and belief, LANTANA LAWN CARE L.L.C. (the "Defendant Company") was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The individual Defendant STEVE HERRING is an officer and/or owner and/or manager of LANTANA LAWN CARE L.L.C. who ran the day-to-day operations of LANTANA LAWN CARE L.L.C. for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore also Plaintiff's employer as defined by 29 U.S.C. § 203(d).

5. Venue is proper in the Northern District of Texas because the Defendant Company regularly transacts business within the Northern District of Texas and acts or omissions giving rise to this dispute took place in the Northern District of Texas.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6. This action arises under the laws of the United States. This case is brought as a collective action under 29 U.S.C. § 216(b). It is believed that the Defendants have employed several other similarly situated employees like the Plaintiff who have not been paid overtime wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207(a)(1) states, in pertinent part, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

9. Plaintiff, GRICELDO LEONIDES-BUENAVENTURA, worked for Defendants as a landscaper and laborer from on or about September 12, 2014 through on or about June 14, 2017.

5. Venue is proper in the Northern District of Texas because the Defendant Company regularly transacts business within the Northern District of Texas and acts or omissions giving rise to this dispute took place in the Northern District of Texas.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6. This action arises under the laws of the United States. This case is brought as a collective action under 29 U.S.C. § 216(b). It is believed that the Defendants have employed several other similarly situated employees like the Plaintiff who have not been paid overtime wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207(a)(1) states, in pertinent part, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

9. Plaintiff, GRICELDO LEONIDES-BUENAVENTURA, worked for Defendants as a landscaper and laborer from on or about September 12, 2014 through on or about June 14, 2017.

10. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

11. Upon information and belief, the Defendant Company had gross sales or business done in excess of $500,000 annually for the years 2013, 2014, 2015, and 2016.

12. Upon information and belief, the Defendant Company's sales or business done is expected to exceed $500,000 for the year 2017.

13. Furthermore, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus also making Defendants' business an enterprise covered under the Fair Labor Standards Act.

14. From on or about September 12, 2014 through on or about June 14, 2017, Plaintiff, GRICELDO LEONIDES-BUENAVENTURA, worked an average of 60 hours per week for which he was paid an average effective straight time rate of $11.00 per hour, but was not paid the extra half-time rate for all hours worked above 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the unpaid half-time rate for each overtime hour worked above 40 in a workweek.

15. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages from the commencement of Plaintiff's employment for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

    Respectfully submitted,

By: s/ Robert Manteuffel
J.H. Zidell, Esq.
Texas Bar No.: 24071840
Email: zabogado@aol.com
Robert L. Manteuffel
State Bar No. 12957529
Email: rlmanteuffel@sbcglobal.net
Joshua A. Petersen
Texas Bar No. 24085524
Email: josh.a.petersen@gmail.com

**J.H. ZIDELL, P.C.**
6310 LBJ Freeway, Ste. 112
Dallas, Texas 75240
Tel:   (972) 233-2264
Fax:  (972) 386-7610