IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GRICELDO LEONIDES-BUENAVENTURA, and all others similarly situated under 29 U.S.C. § 216(b),<br><br>*Plaintiff,*<br><br>v.<br><br>LANTANA LAWN CARE L.L.C. AND STEVE HERRING,<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 3:17-cv-01740-B |

## ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

Defendants Lantana Lawn Care L.L.C. ("Lantana") and Steve Herring ("Herring") (collectively, "Defendants") submit the following Original Answer and Affirmative Defenses to Plaintiff's Complaint Under 29 U.S.C. §§ 201-216 Overtime Wage Violations ("Complaint"):

### I. ANSWER

1. Defendants admit that Paragraph 1 of the Complaint describes the statutory basis for this lawsuit and recites no facts requiring admission or denial. Defendants deny that Plaintiff is entitled to relief under the Fair Labor Standards Act ("FLSA").

2. Defendants are without information sufficient to form a belief regarding the truth of whether Plaintiff resided in Dallas County, Texas during the relevant time period as alleged in Paragraph 2 of the Complaint.

3. Defendants admit that Lantana is a Texas corporation that conducts business in the Northern District of Texas and that Lantana is an employer under the FLSA.

4. Defendants admit that Herring is a corporate officer and owner/manager of Lantana. Defendants deny the remaining allegations of Paragraph 4 of the Complaint.

5. Defendants admit only that jurisdiction and venue are proper as alleged in Paragraph 5 of the Complaint, but deny that there is any legal or factual basis for Plaintiff's claims or that Plaintiff is entitled to the relief sought.

### COUNT 1.  FEDERAL OVERTIME WAGE VIOLATION

6. Defendants admit that Plaintiff purports to bring this lawsuit under the FLSA. Defendants deny that Plaintiff is entitled to relief under the FLSA. Defendants deny the remaining allegations in Paragraph 6.

7. Defendants admit only that jurisdiction is proper as alleged in Paragraph 7 of the Complaint, but deny that there is any legal or factual basis for Plaintiff's claims or that Plaintiff is entitled to the relief sought.

8. Defendants admit that the FLSA is quoted correctly in Paragraph 8 of the Complaint, but deny that they have committed any acts or omissions that give rise to any cognizable legal claims.

9. Defendants admit that an individual named "Griceldo Leonides-Buenaventura" worked for Lantana during the time period set forth in Paragraph 9.

10. Defendants admit that Lantana's business may affect interstate commerce and is subject to the FLSA.  Defendants deny the remaining allegations contained in Paragraph 10 of the Complaint.

11. Defendants deny the allegations in Paragraph 11 of the Complaint as related to 2013 and 2014.  Defendants admit the remaining allegations.

12. Defendants admit the allegations in Paragraph 12 of the Complaint.

13. Defendants admit the allegations in Paragraph 13 of the Complaint.

14. Defendants deny the allegations in Paragraph 14 of the Complaint.

15. Defendants deny the allegations in Paragraph 15 of the Complaint.

16. All allegations not expressly admitted herein are denied.

## II. AFFIRMATIVE DEFENSES

Defendants set forth the following defenses:

1. This lawsuit is not appropriate for collective action treatment under FLSA Section 216(b).

2. Plaintiff is not "similarly-situated to members of the opt-in class he seeks to represent under FLSA Section 216(b)."

3. With respect to some or all of Plaintiff's claims, the Complaint fails to state a claim upon which relief can be granted.

4. Some or all of Plaintiff's claims and the opt-in class he seeks to represent are barred by the applicable statutes of limitation.

5. Defendants deny they acted willfully, recklessly or maliciously and, therefore, an award of liquidated damages is not appropriate.

6. Liquidated damages are not available because the actions alleged in the Complaint were contrary to Defendants' policies and good faith efforts to comply with state and federal laws.

7. Claims by Plaintiff and the putative class he seeks to represent may be barred by payment or by accord and satisfaction.

8. Claims by Plaintiff and the putative class he seeks to represent may be barred by failure to mitigate or otherwise act to avoid and reduce harm.

9. To the extent there were violations of the FLSA (if at all), such were inadvertent, accidental and/or based upon Defendants' good faith understanding about the requirements of the FLSA and/or interpretations or guidance from the Wage & Hour Division of the United States Department of Labor.

10. Any acts undertaken by Defendants were privileged and justified.

11. Plaintiff's claim(s) and those of the putative class he seeks to represent are barred in whole or in part by waiver, estoppel and/or ratification.

12. Defendants specifically reserve the right to assert any other appropriate defenses to Plaintiff's claims as the need for such defenses becomes known.

### III.  RELIEF REQUESTED

WHEREFORE, Defendants pray: (a) that upon final hearing Plaintiff takes nothing by way of his Complaint, and (b) that Defendants are awarded their costs and reasonable attorneys' fees incurred in defense of this action and such other relief to which they are justly entitled.

DATED this 11th day of August, 2017.

Respectfully submitted,

*/s/ Emily M. Stout*
**Keith A. Clouse**
State Bar No. 04410300
keith@clousedunn.com
**Emily M. Stout**
State Bar No. 24013581
estout@clousedunn.com

**CLOUSE DUNN LLP**
1201 Elm Street, Suite 5200
Dallas, Texas  75270-2142
Telephone:  (214) 220-3888
Facsimile:   (214) 220-3833

*COUNSEL FOR DEFENDANTS*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of this document was filed with the Court and served electronically through the CM-ECF (Electronic Case Filing) system on the following counsel of record on this the 11th day of August, 2017:

> Robert L. Manteuffel
> State Bar No. 12957529
> rlmanteuffel@sbcglobal.net
> Joshua A. Petersen
> State Bar No. 24085524
> josh.a.petersen@gmail.com
> **J.H. ZIDELL P.C.**
> Concourse Office Park
> 6310 LBJ Freeway, Suite 112
> Dallas, Texas  75240
> Telephone:  (972) 233-2264
> Facsimile:   (972) 386-7610
>
> *Counsel for Plaintiff*

*/s/  Emily M. Stout*
Emily M. Stout
